UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| DAKOTA RURAL ACTION, *et al.*, | Civil Action No. 18-2852 (BAH) |
| Plaintiffs, | Chief Judge Beryl A. Howell |
| v. |  |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, |  |
| Defendants. |  |

**MEMORANDUM OPINION AND ORDER**

The plaintiffs—Dakota Rural Action, Institute for Agriculture and Trade Policy, Iowa Citizens for Community Improvement, Citizens Action Coalition of Indiana, Association of Irritated Residents, White River Waterkeeper, Food & Water Watch, and Animal Legal Defense Fund—have sued the United States Department of Agriculture ("USDA"), the Farm Service Agency ("FSA"), and two federal officials—Sonny Perdue, Secretary of Agriculture; and Richard Fordyce, Administrator of FSA. The suit alleges violations of both the National Environmental Policy Act ("NEPA"), 42 U.S.C. § 4321, *et seq.*; 40 C.F.R. § 1500, *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 500, *et seq.*, pertaining to the FSA's allegedly unlawful promulgation of a 2016 rule that categorically excludes FSA assistance loans provided for construction of medium-sized concentrated animal feeding operations ("CAFOs") from requiring a prior environmental assessment or environmental impact statement. *See generally* Compl., ECF No. 1. Simultaneously with the Complaint, the plaintiffs filed a Notice of Related Case, ECF No. 2, representing that the present case "involves common issues of fact" with *Food & Water Watch v. United States Department of Agriculture*, No. 17-cv-1714 (BAH),

1

an earlier-filed case assigned to the undersigned judge. Under this Court's rules, the present case was then also assigned to the undersigned judge. *See* LCvR 40.5(c)(1) ("Where the existence of a related case in this Court is noted at the time . . . the complaint is filed, the Clerk shall assign the new case to the judge to whom the oldest related case is assigned."). The defendants promptly filed an Objection to Plaintiffs' Notice of Related Case ("Defs.' Obj."), ECF No. 15. For the reasons set forth below, the defendants' objection is sustained and this case will be transferred to the Calendar and Case Management Committee for random reassignment. LCvR 40.5(c)(1).

The general rule is that "all new cases filed in this courthouse are randomly assigned . . . in order 'to ensure greater public confidence in the integrity of the judicial process,' 'guarantee[] fair and equal distribution of cases to all judges,' 'avoid public perception or appearance of favoritism in assignments, and reduce[] opportunities for judge-shopping.'" *Singh v. McConville*, 187 F. Supp. 3d 152, 154–55 (D.D.C. 2016) (quoting *Tripp v. Exec. Office of the President*, 196 F.R.D. 201, 202 (D.D.C. 2000). Yet, "in the interest of judicial economy," Local Civil Rule 40.5 creates an exception for "related cases." *Id.* at 155. Under that rule, the plaintiff may complete a form, to be provided to the Clerk of the Court and served on the defendant with the complaint, designating the action as related to an earlier-filed action. LCvR 40.5(b)(2). Defendants may lodge an objection at the time of the defendants' first responsive pleading. *Id.*

Civil cases are "related when the earliest is still pending on the merits in the District Court and they (i) relate to common property, or (ii) involve common issues of fact, or (iii) grow out of the same event or transaction, or (iv) involve the validity or infringement of the same patent." LCvR 40.5(a)(3). "The party requesting the related-case designation bears the burden of showing that the cases are related under Local Civil Rule 40.5." *Singh*, 187 F. Supp. 3d at

155. The burden on the party claiming relation is heavy as random assignment of cases is essential to the public's confidence in an impartial judiciary. Deviating from that foundational principle is appropriate only if the relationship between the two cases is certain. The judge to whom a case is assigned resolves any objection to a related-case designation. *Singh*, 187 F. Supp. 3d at 155; LCvR 40.5(c)(1). If the objection is sustained, the judge may transfer the later-filed case to the Calendar and Case Management Committee, which then decides if good causes exists for the transfer and thus random reassignment of the case. LCvR 40.5(c)(1).

In *Food & Water Watch*, which is still pending, the plaintiffs challenge under both NEPA and the APA the FSA's "Finding of No Significant Impact, dated July 22, 2015, and [the FSA's] approval of One More Haul Farm's application for a guaranteed loan to construct and operate a poultry [CAFO]." Compl. ¶ 1, ECF No. 1 (No. 17-1714). The two cases, the plaintiffs claim, share "common issues of fact," as in each whether the "FSA improperly departed from or disregarded the requirements of NEPA with regard to CAFO loans" depends on "whether the alleged environmental impacts of CAFOs are 'individually or cumulatively significant' under NEPA." Pls.' Reply Supp. Notice of Related Case ("Pls.' Reply") at 3, ECF No. 17. More specifically, each case will turn on CAFOs' individual and cumulative effect on surface water pollution, groundwater quality and quantity, biological resources, air quality, community and quality of life, and family farmers. *Id.*

The plaintiffs' claim of relation is not frivolous. Cases are related under the Rule 40.5(a)(3)(ii) if they share "common issues of fact," but the rule offers no guidance as to how much factual overlap is needed or how similar the underlying facts must be. As for these two cases, both the validity of the single 2015 loan provided to One More Haul, at issue in *Food & Water Watch*, and the FSA's subsequent 2016 rulemaking that categorically exempts medium-

sized CAFOs from undergoing environmental assessments prior to receipt of an FSA loan, at issue in this case, require analyzing the same *kinds* of facts: CAFOs' impact on a host of similar environmental considerations. That, however, is insufficient to support a claim of relation. Such a reading of the related-case rule would sweep too broadly, encompassing multiple actions implicating common analyses of common types of facts. Rather, to satisfy the related-case rule, the underlying facts themselves must be common, a standard these two cases do not meet. For *Food & Water Watch*, the administrative record will present facts relevant only to the environmental effects of a single CAFO in Maryland. By contrast, the administrative record will present facts relevant to the baseline environmental effect of medium-sized CAFOs. Even if NEPA requires consideration of whether the environmental impact of CAFOs is cumulatively significant, in each case the question seems to be how the CAFOs at issue—in one case a single CAFO and in the other case a class of CAFOs—contribute to the cumulative impact. At bottom, the plaintiffs may have shown that the two cases will pose similar questions dependent on a similar class of facts, but have failed to establish that the facts dictating the answers to those questions are common.

Treating this case as unrelated to *Food & Water Watch* is consistent with prior interpretations of Rule 40.5. For example, in *Keepseagle v. Glickman*, an objection to relation was sustained even though plaintiffs in the later-filed case claimed to "have been injured by the same policies of defendant and in the same manner as were the plaintiffs" in the earlier-filed case because one set of plaintiffs claimed to have been discriminated against because they were Native American and another set because they were African American. 194 F.R.D. 1, 3 (D.D.C. 2000). Claiming that "both sets of plaintiffs are farmers who are members of protected classes and both complain of similar discrimination at the hands of the Department of Agriculture" was

not enough to "waiv[e] the normal judicial policy of random assignment of cases." *Id.* Likewise, in *Stewart v. O'Neill*, the Court rejected the plaintiff's related-case designation when one case alleged discrimination against African–American agents at the Bureau of Alcohol, Tobacco, and Firearms, and the second case alleged discrimination against Hispanic agents at the United States Customs Service, despite both agencies being part of the Department of Treasury and the alleged discriminatory conducted having been perpetrated by individuals governed by the same Department of Treasury policies. 225 F. Supp. 2d 16, 20 (D.D.C. 2002).

In comparison, in *Autumn Journey Hospice, Inc. v. Sebelius*, the cases at issue each involved hospice care providers that had received a demand from the Department of Health and Human Services for the repayment of funds that had been disbursed in excess of a cap set by the Department's applicable regulation. 753 F. Supp. 2d 135, 138 (D.D.C. 2010). Each hospice care provider then raised an identical challenge to the lawfulness of the identical repayment demands. *Id.* at 139. The objection to relation was overruled because each case concerned "a hospice care provider subject to recently issued cap repayment demands calculated pursuant to the same regulation." *Id.* at 140. Similarly, in *Singh v. McConville*, an objection to relation was overruled because each of the two cases under review involved observant Sikhs, all of whom had requested on the same grounds an exemption from the Department of Defense's and Army's regulations governing grooming and personal appearance. 187 F. Supp. 3d at 155–56. All plaintiffs had been subjected to the same exemption process and challenged the grooming regulations as applied to Sikh servicemembers. *Id.* at 156.

The rest of the plaintiffs' bases for relation are unavailing as well. According to the plaintiffs, both the instant case and the first-filed case allege that procedural violations of the NEPA and the APA "deprived the respective plaintiffs and the public of proper notice and an

5

opportunity to comment on FSA's decision-making process." Pls.' Reply at 4. The single loan and 2016 rule-making, however, were separate processes and here too the plaintiffs' claims depend on distinct facts. Finally, the plaintiffs draw attention to the "commonality of parties" as a reason to treat the cases as related. Pls.' Reply at 6. Of the eight plaintiffs in this matter, only Food & Water Watch is also a party in the earlier-filed case. Moreover, overlapping plaintiffs is not among the bases for a related-case designation.

At bottom, the plaintiffs have failed to meet their burden that departure from the practice of random case assignment is warranted. For the reasons set forth above, the defendants' objection is sustained. Consistent with Local Civil Rule 40.5(c)(1), this case shall be transferred to the Calendar and Case Management Committee for random reassignment.

**SO ORDERED**.

Date: April 1, 2019

_____
BERYL A. HOWELL
Chief Judge